BUMGARDNER, Judge,
with whom BENTON, ANNUNZIATA and CLEMENTS, JJ., join, dissenting.
I respectfully dissent from the decision to permit another trial. The unusual procedural posture of this case dictates dismissal. The general verdict rendered in criminal trials is a curtain that shrouds the components of the decision returned. Normally, a trial record would not reveal whether the trial resolved a single issue and a single fact. However, this record is an exception.
The sole issue at the first trial was whether the defendant drove his automobile on December 24, 1995. In the perjury trial, the Commonwealth had to prove the defendant made a false statement under oath. The only evidence offered to prove the defendant lied at the first trial was the admission to his attorney that he did drive. That was the sole specification of perjury alleged, argued, or attempted at trial.
Dismissal would not, as the majority suggests, preclude every perjury prosecution of a defendant who testified falsely. Dismissal would simply acknowledge that collateral estoppel must bar retrial in the rare situation that permits ascertaining a single fact was disputed in each prosecution, and that fact was the same in both.
*359 I do not address the issue of attorney-client privilege because collateral estoppel precludes another trial.